1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12  MORENO, ET AL.,                          )          Civil No: 06-CV-2196-B(PCL)
                                             )
13                      Plaintiffs,          )
    v.                                       )          **ORDER DENYING DEFENDANT**
14                                           )          **USG CORPORATION'S MOTION**
    USG CORPORATION, ET AL.,                 )          **TO STRIKE**
15                                           )
                        Defendants.          )
16                                           )
    _____         )
17                                           )
                                             )
18                                           )

19
20

21  **I.      INTRODUCTION**

22          Before this Court is Defendant USG Corporations's ("USG") Motion to Strike filed

23  on November 13, 2006.  (Doc. No. 6.)  For the reasons set forth below, the Court hereby:

24  (1) **DENIES** USG's Motion to Strike punitive damages from the Complaint; and (2)

25  **DENIES** USG's Motion to Strike "known defects in the hereinabove described material

26  forming machine" from paragraph 30 of the Complaint.

27
28

## II.    BACKGROUND

Plaintiffs Gilbert Moreno and his wife Angela Moreno filed the present suit on October 4, 2006, alleging (1) negligence against USG and Defendant Coe Manufacturing Company ("Coe"), (2) strict liability in tort against USG and Coe, and (3) loss of consortium.  (Doc. No. 1.)  On November 13, 2006, Defendant USG filed the present Motion to Strike.  (Doc. No. 6.)

## III.    DISCUSSION

### A.    STANDARD OF LAW

#### 1.    Motion to strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f).  Under the express language of the rule, only pleadings are subject to motions to strike.  See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ."  Id.

Redundant matter "consists of allegations that constitute a needless repetition of other averments in the pleading."  5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (1990).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  Id. Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question."  Id.  Scandalous matter is "that which improperly casts a derogatory light on someone, most typically on a party to the action."  Id.

### B.    ANALYSIS

#### 1.    Punitive damages

USG moves to strike punitive damages from the Complaint.  California Civil Code §

2

3294 states in pertinent part regarding punitive damages:

 (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

CAL. CIV. CODE § 3294 (West 1997).

If Plaintiffs are successful in demonstrating the elements of Section 3294, they may be entitled to punitive damages. Since USG has not demonstrated that Plaintiffs' pleadings regarding punitive damages constitute "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f), the Court **DENIES** USG's Motion to Strike punitive damages from the Complaint.

**2. Language within Paragraph 30 of Complaint stating that Plaintiffs are entitled to damages due to "known defects of the hereinabove described material forming machine"**

USG moves to strike the language "known defects of the hereinabove described material forming machine" from paragraph 30[1] of the Complaint as immaterial matter not

---

[1] Paragraph 30 of the Complaint states in full:

Plaintiff is further informed and believes, and based thereupon alleges, that despite having actual knowledge of the hereinabove described defects, defendants, USG CORPORATION, and DOES I through XX, and each of them, intentionally and recklessly failed to inform the public and consumers, including plaintiff, of the known defects of the hereinabove described material forming machine, as herein alleged. Plaintiff is further informed and believes, that at all times herein mentioned, defendants, and each of them, acted with the intent of causing harm to plaintiffs, and each of them, and in doing so, acted with a conscious disregard for

1  essential to the claim of Strict Liability in Tort against USG.

2      As noted above, "advance knowledge" on the part of a "corporate employer" is

3  relevant to the issue of punitive damages. CAL. CIV. CODE § 3294(b) (West 1997). The

4  Court has already denied USG's Motion to Strike punitive damages from the Complaint.

5  Therefore, USG's knowledge of defects in the material forming machine at issue is relevant

6  to Plaintiffs' request for punitive damages, and the Court **DENIES** USG's Motion to Strike

7  the language at issue in paragraph 30 of the Complaint.

8

9  **IV.    CONCLUSION**

10     For the reasons set forth above, the Court hereby: (1) **DENIES** USG's Motion to

11 Strike punitive damages from the Complaint; and (2) **DENIES** USG's Motion to Strike

12 "known defects in the hereinabove described material forming machine" from paragraph 30

13 of the Complaint.

14

15     **IT IS SO ORDERED**

16 DATED: March 19, 2007

17

18                                   Hon. Rudi M. Brewster
                                     United States Senior District Court Judge
19
   cc: Hon. Peter C. Lewis
20      United States Magistrate Judge

21
       All Counsel of Record
22

23

24  ─────────────────

25        the life, health and safety to plaintiff, and further acted with despicably,
          maliciously and oppressively, thereby entitling plaintiff to an award of punitive
26        and exemplary damages, all in an amount to be proven at time of trial.

27 (Doc. No. 1 at 8 - 9.)

28                                   4                          06-CV-2196-B (PCL)